

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

APR 1 3 2006

DAVID J. MALAND, CLERK

BY
DEPUTY _____

| | |
|---|---|
| MITSUMI ELECTRIC CO., LTD., | § |
| | § |
| *Plaintiff,* | § |
| | § |
| | §  No. 6:06cv168 |
| v. | § |
| | § |
| WISTRON CORP., WISTRON LLC, | § |
| AOPEN INC., and | § |
| AOPEN AMERICA INC., | § |
| | § |
| *Defendants.* | § |

## PLAINTIFF'S ORIGINAL COMPLAINT
## FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiff Mitsumi Electric Company Limited ("Plaintiff") brings this action for patent infringement against Defendants Wistron Corporation, AOpen Incorporated, and AOpen America Incorporated (collectively "Defendants"), and alleges as follows:

### I. THE PARTIES

1.     Plaintiff is a Japanese corporation with an address of 2-11-2, Tsurumaki, Tama-shi, Tokyo 206-8567, Japan.

2.     Upon information and belief, Wistron Corporation is a Taiwanese corporation having a principal place of business at 21F, 88, Section 1, Hsin Tai Wu Road, Hsichih, Taipei Hsien 221, Taiwan, Republic of China.

3.     Upon information and belief, Wistron LLC is a Wyoming Limited Liability Corporation having a principal place of business at 12F No. 88 SEC 1 Hsin Tai 5 Rd, Hsi Chih City, 22100, Taiwan, Republic of China, and at Wistron Corporation, 12A Zane Grey Blvd., El

Paso, Texas 79906, and may be served with process by serving its Texas Registered Agent, Incorporating Services, Ltd., 2700 Pecan Street West, Suite 427, Pflugerville, Texas 78660.

4.      Upon information and belief, AOpen Incorporated is a Taiwanese corporation having a principal place of business at 3F, No. 19-8, San Chung Road, Nan Kang Area, Taipei, Taiwan, 115, Republic of China.

5.      Upon information and belief, AOpen America Incorporated is a California corporation having a principal place of business at 1911 Lundy Avenue, San Jose, California 95131, and may be served with process by serving its Texas Registered Agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas, 75201.

## II. JURISDICTION AND VENUE

6.      This action arises under the patent laws of the United States, Title 35 of the United States Code. The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271 *et seq.* and 28 U.S.C. §§ 1331 and 1338(a).

7.      Personal jurisdiction exists generally over the Defendants because they have sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Eastern District of Texas. Personal jurisdiction also exists specifically over the Defendants because of their conduct in making, using, selling, offering to sell, and/or importing products covered by Plaintiff's patents, directly, contributorily, and/or by inducement, within the State of Texas and within the Eastern District of Texas.

8.      Venue is proper in this Court under 28 U.S.C. §§1391(b), (c), and (d).

## III. INFRINGEMENT OF U.S. PATENT NO. 6,222,817

9.      Plaintiff repeats and realleges the allegations in paragraphs 1-8 as though fully set forth herein.

10.    Plaintiff is the owner of all rights, title, and interest in and under United States Patent No. 6,222,817 ("the '817 Patent"), titled "Disk Apparatus Having a Dust Proof Construction," which was duly and legally issued on April 24, 2001. A true and correct copy of the '817 Patent is attached hereto as Exhibit A.

11.    Upon information and belief, Defendants have been and are now directly infringing, inducing infringement, and contributing to the infringement of the '817 Patent by making, using, importing, selling, and/or offering to sell devices, including computer disk drives, and/or inducing or contributing to the importation, use, offer for sale and sale by others of such devices covered by one or more claims of the '817 Patent, all to the injury of Plaintiff.

12.    Defendants' acts of infringement have injured and damaged Plaintiff.

13.    Defendants' infringement has caused irreparable injury to Plaintiff and will continue to cause irreparable injury until Defendants are enjoined from further infringement by this Court.

14.    Upon information and belief, Defendants' infringement has been, and continues to be, willful so as to warrant enhancement of damages awarded as a result of their infringement.

### IV. INFRINGEMENT OF U.S. PATENT NO. 5,930,218

15.    Plaintiff repeats and realleges the allegations in paragraphs 1-8 as though fully set forth herein.

16.    Plaintiff is the owner of all rights, title, and interest in and under United States Patent No. 5,930,218 ("the '218 Patent"), titled "Disk Drive Using Disk Tray," which was duly and legally issued on July 27, 1999. A true and correct copy of the '218 Patent is attached hereto as Exhibit B.

17.     Upon information and belief, Defendants have been and are now infringing, inducing infringement, and contributing to the infringement of the '218 Patent by making, using, importing, selling, and offering to sell devices, including computer disk drives, and/or inducing or contributing to the importation, use, offer for sale and sale by others of such devices covered by one or more claims of the '218 Patent, all to the injury of Plaintiff.

18.     Defendants' acts of infringement have injured and damaged Plaintiff.

19.     Defendants' infringement has caused irreparable injury to Plaintiff and will continue to cause irreparable injury until Defendants are enjoined from further infringement by this Court.

20.     Upon information and belief, Defendants' infringement has been, and continues to be, willful so as to warrant enhancement of damages awarded as a result of their infringement.

## V.  PRAYER FOR RELIEF

Plaintiff respectfully requests that judgment be entered in its favor and against Defendants and that the Court grant the following relief to Plaintiff:

A.     Declare that the '817 Patent and '218 Patent are exclusively owned by Plaintiff and are valid and enforceable;

B.     Declare that Defendants have infringed the '817 Patent and '218 Patent;

C.     Award damages to Plaintiff to which it is entitled for patent infringement;

D.     Enter a preliminary and thereafter a permanent injunction against Defendants' direct infringement of the '817 Patent and '218 Patent;

E.     Enter a preliminary and thereafter permanent injunction against Defendants' active inducement of infringement and/or contributory infringement of the '817 Patent and '218 Patent by others;

F.     Award interest on Plaintiff's damages;

G.     Award costs and reasonable attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285; and

H.     Such other relief as the Court deems just and proper.

## VI. JURY DEMAND

In accordance with FED. R. CIV. P. 38 and 39, Plaintiff asserts its rights under the Seventh

Amendment of the United States Constitution and demands a trial by jury on all issues.

Dated: April 12, 2006                                    Respectfully submitted,


Michael W. Shore, Attorney in Charge
Texas Bar No. 18294915
Alfonso Garcia Chan
Texas Bar No. 24012408
Jeffrey R. Bragalone
Texas Bar No. 02855775
Joseph F. DePumpo
Texas Bar No. 00787355
Gerald B. Hrycyszyn
Texas Bar No. 24043734
Martin Pascual
Texas Bar No. 24041657
**SHORE CHAN BRAGALONE LLP**
325 North Saint Paul Street-Suite 4450
Dallas, Texas 75201
214.593.9110 Telephone
214.593.9111 Facsimile


Jeff J. Horn, Jr.
Texas Bar No. 24027234
Vance P. Freeman
Texas Bar No. 24036595
**OHASHI & HORN LLP**
325 North Saint Paul Street-Suite 4400
Dallas, Texas 75201
214.743.4180  Telephone
214.743.4179 Facsimile


ATTORNEYS FOR PLAINTIFF
MITSUMI ELECTRIC COMPANY LIMITED